## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Oscar Arnulfo MARTINEZ GUEVARA,

        Plaintiff,

vs.

Mike McCLEARY, District Director of
Boston District Office of U.S. Citizenship
and Immigration Services;

Alejandro MAYORKAS, Secretary of the U.S.
Department of Homeland Security;

Tracy RENAUD, Senior Official Performing the
Duties of the Director of U.S. Citizenship and
Immigration Services;

Merrick GARLAND,
in his official capacity as Attorney General of the
United States;

        Defendants.

Civil Action No: _____

Case No: _____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY DECISION UNDER THE ADMINISTRATIVE PROCEDURES ACT

NOW COMES Plaintiff Oscar Arnulfo Martinez Guevara ("Plaintiff" or "Mr. Martinez Guevara") and complains of the defendants as follows:

### NATURE OF THE ACTION

1.      Plaintiff brings this Action to challenge United States Citizen & Immigration Services (USCIS)'s Notice of Lack of Jurisdiction for his I-589 Application for Asylum Withholding of Removal. Defendants, Michael McCleary and Tracy Renaud of the United States Citizenship & Immigration Services (USCIS), informed Plaintiff that they had lacked the

jurisdiction to adjudicate his asylum petition because another Oscar Martinez had already been placed in removal proceedings. Plaintiff seeks a declaration that Defendants' action violated the Administrative Procedures Act (APA) because its action was arbitrary and capricious. As a result of Defendants' improper acts, the Court should order Defendants to reopen and adjudicate Plaintiff's I-589 Application.

## JURISDICTION

2.      This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal jurisdiction question) and 2201 (action seeking a declaratory judgment).

3.      The Administrative Procedures Act (APA) provides a cause of action and allows for a waiver of sovereign immunity. 5 U.S.C. § 702.

## STANDING

4.      The APA provides the right of review for any individual "adversely affected or aggrieved by agency action." 5 U.S.C. § 702. Defendants' improper notice regarding Plaintiff's I-589 Application has adversely affected his ability to obtain lawful status in the United States. Mr. Martinez Guevara thus falls within APA's standing provisions.

## VENUE

5.      Venue lies in the District of Massachusetts because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in Massachusetts. 28 U.S.C. §§ 1391(b), (e).

## PARTIES

6.      Plaintiff is a native and citizen of El Salvador. H was born on March 1, 1983 in Metapan, El Salvador. He first arrived in the United States on December 1, 2000 and reentered on January 25, 2001 without inspection through Phoenix, Arizona. He has remained in the United

States since his entry. Plaintiff filed an I-589 Application for Asylum and Withholding of Removal first on May 11, 2015, then re-submitted the same on September 1, 2016, October 10, 2017, and October 5, 2018.

7.       Defendant Mike McCleary is the District Director of USCIS's Boston District Office. He has the responsibility for the adjudication of immigration applications and petitions, such as the one filed by Mr. Martinez Guevara. He is sued in his official capacity.

8.       Defendant Alejandro Mayorkas is the Secretary for the Department of Homeland Security ("DHS"), which is the cabinet department responsible for, among other things, administering and enforcing the nation's immigration laws. 6 U.S.C. § 251. He is also authorized to delegate such powers and authorities to subordinate employees of DHS, including, but not limited to, USCIS. He is sued in his official capacity.

9.       Defendant Tracy Renaud is a Senior Official Performing the Duties of the Director of USCIS. She is charged with supervisory authority over all operations of USCIS. She is sued in her official capacity.

10.       Defendant Merrick Garland is the Attorney General of the United States, the head officer in the Department of Justice ("DOJ"). He is an official generally charged with supervisory authority over all operations of the DOJ under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

## FACTS

11.       Mr. Martinez Guevara was previously a recipient of Temporary Protected Status and was issued A# 095-061-333.

12.    On May 11, 2015, Mr. Martinez Guevara filed his first I-589 Application for Asylum and Withholding of Removal with the Asylum Office at USCIS' Vermont Service Center. *See* Exhibit A.

13.    On May 19, 2015, USCIS sent a Notice of Lack of Jurisdiction, informing Mr. Martinez Guevara that USCIS was unable to accept the application because DHS records indicated that "Oscar Martinez" was already in the jurisdiction of the immigration court. *See* Exhibit B.

14.    On September 1, 2016, Plaintiff re-submitted his I-589 Application for Asylum and Withholding of Removal with the Asylum Office at USCIS' Vermont Service Center. *See* Exhibit C. On the cover letter included with the submission, counsel included the following warning:

> "**PLEASE READ! APPLICANT WAS MISTAKEN FOR A DIFFERENT APPLICANT WHO IS ALREADY IN PROCEEDINGS. PLEASE NOTE, THE ATTACHED FBI FINGERPRINT RESULTS**."

*See id.* Counsel also included the results from Mr. Martinez Guevara's fingerprint analysis. *See id.*

15.    On September 14, 2016, USCIS issued a Notice of Lack of Jurisdiction informing Mr. Martinez Guevara that USCIS was unable to accept the application because DHS records indicated that "Oscar Martinez" was already in the jurisdiction of the immigration court. *See* Exhibit D.

16.    On October 6, 2017, Plaintiff re-submitted his I-589 Application for Asylum and Withholding of Removal. *See* Exhibit E. Counsel wrote on the cover letter:

> **PLEASE READ! THIS APPLICANT IS BEING MISTAKEN FOR A# 094-482-849. THIS APPLICANT, OUR CLIENT, PREVIOUSLY APPLIED FOR TPS IN 2001 AND WAS GIVEN A#095-061-333. IN 2007 A DIFFERENT OSCAR A. MARTINEZ (CORRECT A# 094-482-849) WAS PLACED IN REMOVAL PROCEEDINGS ALTHOUGH HE HELD VALID TPS, AND OUR CLIENT'S A# WAS CONFUSED WITH HIS. THOSE PROCEEDINGS WERE LATER**

<u>**ADMINISTRATIVELY CLOSED.
OUR CLIENT HAS NEVER BEEN IN REMOVAL
PROCEEDINGS AND IS AFFIRMATIVELY SEEKING
ASYLUM AND IS NOT UNDER THE
JURISDICTION OF THE IMMIGRATION COURT.
PLEASE FIND, ATTACHED TO THIS SUBMISSION, THE
FBI FINGERPRINT RESULTS FOR OUR CLIENT, OSCAR
ARNULFO MARTINEZ GUEVARA.
PLEASE ALSO FIND THE COVER LETTER FOR OUR
PREVIOUS SUBMISSION ON OSCAR ARNULFO
MARTINEZ GUEVARA'S BEHALF.
PLEASE NOTE, COUNSEL HAS HAD NUMEROUS
APPOINTMENTS WITH DHS, ICE, USCIS INFO PASS AND
USCIS BOSTON ASYLUM AND ALL HAVE DIRECTED US TO
TO AFFIRMATIVELY APPLY FOR ASYLUM AT THE
VERMONT SERVICE CENTER AS OUR CLIENT HAS A
FEAR OF RETURN TO HIS HOME COUNTRY, EL
SALVADOR.**</u>

17.     Yet again, on October 23, 2017 USCIS issued a Notice of Lack of Jurisdiction, explaining that USCIS was unable to accept the application because DHS records indicated that "Oscar Martinez" was already in the jurisdiction of the immigration court. *See* Exhibit F.

18.     On October 5, 2018, Plaintiff re-submitted his I-589 Application for Asylum and Withholding of Removal with the Asylum Office at the USCIS's Vermont Service Center. *See* Exhibit G.

19.     On November 14, 2018, Plaintiff received a Notice of Interview at the Boston Asylum Office for December 12, 2018. *See* Exhibit H. The interview was later cancelled by USCIS. *See* Exhibit I.

20.     Lastly, on June 13, 2019, USCIS sent a Notice of Lack of Jurisdiction, explaining that Oscar Martinez had previously been placed in removal proceedings, which had been administratively closed on December 3, 2007, but were never terminated. *See* Exhibit J.

21.     On June 25, 2019, Plaintiff sent the Notice of Lack of Jurisdiction to the Boston Asylum Office and explained that the letter was an error. *See* Exhibit K. Plaintiff explained that

counsel had already reviewed the court file and USCIS was confusing Mr. Martinez Guevara with another Mr. Oscar Martinez, with A# 094-482-849.

## COUNT ONE
### (Violation of The Administrative Procedure Act)

22.     Plaintiff repeats, alleges, and incorporates the foregoing paragraphs as if fully set forth herein.

23.     Plaintiff has been aggrieved by agency action under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et. seq.*

24.     USCIS had jurisdiction to adjudicate Mr. Martinez Guevara's I-589 Applications for Asylum and Withholding of Removal, as Mr. Martinez Guevara has never been placed in removal proceedings.

25.     Defendants have failed to adjudicate Plaintiff's I-589 Application, arbitrarily and capriciously as Defendants had sufficient information to distinguish between the two people who were both named Oscar Martinez.

26.     Defendants acted arbitrarily, capriciously, and contrary to law in violation of the Administrative Procedures Act by these actions.

27.     Mr. Martinez Guevara has exhausted all administrative remedies available to him as of right.

28.     Mr. Martinez Guevara has no other recourse to judicial review other than by this action.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff prays that this Court grant the following relief:

1.     Order Defendants to adjudicate Plaintiff's I-589 Application for Asylum and Withholding of Removal;

2.      Award attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)

and 5 U.S.C. § 504 if applicable; and,

3.      Order any further relief this Court deems just and proper.

**OR, in the alternative:**

4.      Declare Defendants' failure to adjudicate Plaintiff's I-589 Application to be in

violation of the Administrative Procedure Act and order USCIS to immediately reopen and

adjudicate Plaintiff's I-589 Application;

5.      Award attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)

and 5 U.S.C. § 504 if applicable; and,

6.      Order any further relief this Court deems just and proper.

Dated: May 27, 2021

Respectfully Submitted,

Rachel L. Rado, Esq. | BBO #: 682095
Attorney for the Plaintiff
Law Offices of Rachel L. Rado
100 State Street, 3rd Floor
Boston, MA 02109
Tel: 617-871-6030
Email: rachel@rachelradolaw.com